■ In the Matter of LOUIS FIGLIA, Respondent, v. ROCHESTER BRASS & ALUMINUM FOUNDRY CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant $250 for serious facial disfigurement. Claimant sustained a burn on his lower right lip and mouth when, during the course of his employment, he was splashed with molten metal. Thereafter a large granulomatous ulcerated lesion, which was biopsied and proven to be a squamous cell carcinoma, developed necessitating surgery for its removal. The facial disfigurement involved resulted from the surgery. The sole question presented is whether there is substantial evidence to support the board's determination that the operation which caused the disfigurement was performed because of the work connected burn rather than as appellants assert the underlying carcinoma. Unfortunately, the issue originally contested was whether the burn either caused or aggravated the carcinoma, which the board found it did not, and thus all but one of the medical reports and testimony went to that issue only and not to the issue here involved. Moreover, although Dr. Sherman, the impartial cancer specialist and the one expert whose testimony bears directly on the question here involved, while testifying on the issue of whether the burn caused the carcinoma, did state that the neoplasm might have retarded healing, his later testimony directly on the instant issue unequivocally denied that the surgery was required by the burn and indicated clearly that it was instead necessitated solely by the carcinoma. On this state of the record not only is any testimony by Dr. Sherman allegedly in favor of causation too speculative to support the board's finding (e.g., *Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212), but it is clear that his actual position was directly contra thereto. Accordingly, we can find no substantial evidence to support the board's decision and it must, therefore, be reversed and the claim dismissed. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and claim dismissed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.